UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA FRANKLIN,
Petitioner,

vs.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-857

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254 is before the Court on respondent's Motion to Dismiss (Doc. 6) for failure to comply with the pleading requirements contained in Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, it is recommended that respondent's motion to dismiss (Doc. 6) be **DENIED**.

On November 29, 2017, petitioner filed his § 2254 petition for habeas corpus relief. (Doc. 4).[1] On February 7, 2018, respondent filed the instant motion to dismiss. (Doc. 6). In the motion, respondent argues that the petition is subject to dismissal because petitioner failed to satisfy the pleading requirements for habeas petitions set forth in Rule 2(c). (Doc. 6, at PageID 52). Thereafter, on March 6, 2018, petitioner filed a response to the motion to dismiss, clarifying his claims. (Doc. 7). On March 20, 2018, respondent filed a copy of the state-court record and an Answer/Return of Writ. (Docs. 8 & 9).

Habeas Rule 2(c) provides that the petition must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief

---

[1] Under the mailbox rule, the filing date for a pro se petition is the date that the petitioner provided his petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The undersigned presumes for the purposes of this Report and Recommendation that petitioner placed his petition in the mail, and thus filed his petition, on November 29, 2017. (*See* Doc. 4, at PageID 44).

requested." *See also Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004). Because petitioner's response to respondent's motion to dismiss sufficiently clarified petitioner's claims to permit respondent to file an Answer/Return of Writ, respondent's motion to dismiss the petition for failure to comply with Rule 2(c) (Doc. 6) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's Motion to Dismiss (Doc. 6) be **DENIED**.

Date: 8/10/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSHUA FRANKLIN,
Petitioner,

vs.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-857

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).