# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSHUA FRANKLIN,

                Petitioner,           :     Case No. 1:17-cv-857

    - vs -                          District Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

Warden,
  Mansfield Correctional Institution

                                  :
                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Joshua Franklin under 28 U.S.C. § 2254 to obtain relief from his conviction for robbery in the Common Pleas Court of Hamilton County, Ohio. Chief Magistrate Judge Deavers transferred the case to the Western Division on December 20, 2017 (ECF No. 2), and the Petition was filed here on December 29, 2017 (ECF No. 4). Magistrate Judge Litkovitz ordered an answer and set a deadline of twenty-one days after the answer for Petitioner to file a reply (ECF No. 3, PageID 29). Respondent filed the State Court Record (ECF No. 8) and a Return (ECF No. 9).

Prior to filing the Return, Respondent moved to dismiss the Petition for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases (ECF No. 6). On Magistrate Judge Litkovitz's recommendation, District Judge Dlott denied that Motion on August 28, 2018 (ECF Nos. 14, 15). Two days later, Petitioner filed a certified copy of the docket sheets from his criminal case which he argues "can shed light on my case showing I was at my arraignment and never waived my arraignment of presence." (ECF No. 16, PageID 1121). Petitioner has filed nothing

1

else since Judge Dlott denied the Motion to Dismiss and in particular has not filed any document labeled as a reply to the Return. The only things he has filed since the Return are (1) An Entry from the Supreme Court of Ohio denying his motion for delayed appeal (ECF No. 10, PageID 1102); (2) a Notice of exhaustion of state court remedies which includes a claim that First District Court of Appeals Judge Beth Amy Myers should have recused herself from the appeal (ECF No. 11); and (3) a Notice of Conflict of Interest complaining of certain alleged irregularities in the appellate process including the participation of Judge Myers at both the trial and appellate levels (ECF No. 12). Respondent promptly opposed consideration of the Notice on grounds it amounted to an amendment of the Petition without court permission (ECF No. 13).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 17).

**Litigation History**

Franklin was indicted by a Hamilton County grand jury on October 27, 2015, on one count of robbery in violation of Ohio Revised Code § 2911.02(A)(2). After an evaluation of his competency and several extensions of time, Franklin was convicted as charged by a trial jury and sentenced to four years imprisonment. Represented by new counsel, he appealed to the First District Court of Appeals which affirmed the conviction. *State v. Franklin*, 1st Dist. Hamilton No. C-160486, 2017 Ohio App. LEXIS 2784 (Jul. 5, 2017). Franklin did not timely appeal to the Supreme Court of Ohio and his motion for delayed appeal was denied by that court. *State v. Franklin,* 152 Ohio St. 3d 1461 (2018).

Franklin stated the following grounds for relief in his response to the Warden's Motion to

Dismiss:

> **Ground One**: Ineffective trial counsel did not file Motion to Dismiss the indictment due to the indictment was insufficient and not a true bill.

> **Ground Two:** Trial counsel denied Franklin a *Franks* Hearing to challenge the veracity of detective (Affiant's) statements in a (warrantless) search and seizure Application and Inventory Log.

> **Ground Three**: Speedy trial violation.

> **Ground Four**: Ineffective Appellate Counsel's failure to properly file Franklin's 1st District Court of Appeals Criminal Docket statement Form II Rev. 3/95. *** Appellate Counsel never raised Franklin's "Assignments of Errors" or "Chain of Custody" to weight of evidence.

> **Ground Five**: Due Process rights violation.

(ECF No. 7, PageID 55-57). Magistrate Judge Litkovitz recommended finding this document adequately clarified the claims being made (ECF No. 14). Respondent filed no objections and Judge Dlott adopted that recommendation (ECF No. 15). Accordingly, these are the claims to be litigated in this case. Magistrate Judge Litkovitz never treated the Notice of Conflict of Interest as adding a claim.

# Analysis

Ground One: Ineffective Assistance of Trial Counsel

In his First Ground for Relief, Franklin asserts he received ineffective assistance of trial counsel when his trial attorney did not move to dismiss the indictment on grounds it was insufficient and not a true bill (Response, ECF No. 7, PageID 55).

Respondent asserts this ground for relief is procedurally defaulted because it was not raised on direct appeal (Return, ECF No. 9, PageID 1081). As noted above, Franklin never filed a reply and thus has not rebutted the claim of procedural default or offered any excusing cause and prejudice.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (internal quotation marks and citation omitted); accord: *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state

> prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Examination of the record shows that Franklin did not raise this claim on appeal to the First District (Appellant's Brief, State Court Record, ECF No. 8, PageID 172-74). Ground for Relief One is therefore procedurally defaulted and should be dismissed on that basis.

## Ground Two:  Ineffective Assistance of Trial Counsel

In his Second Ground for Relief, Franklin claims he received ineffective assistance of trial counsel when his trial attorney did not file a motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), "to challenge the veracity of detective (Affiant's) statements in a (warrantless) search and seizure Application and Inventory Log."  (Response, ECF No. 7, PageID 55).

Respondent asserts that this claim, like the First Ground for Relief, is procedurally defaulted because it was not raised on direct appeal.  An examination of Franklin's appellate brief show that this is true (Appellant's Brief, State Court Record, ECF No. 8, PageID 172-74).  Franklin cannot excuse that default by showing ineffective assistance of appellate counsel, because he never brought such a claim in the state courts.  If it be the case that Franklin is relying on evidence outside the record to prove that he would have had a viable *Franks* claim, he has never presented that evidence to the state courts by way of a petition for post-conviction relief.  Consequently, this

Court may not consider any such evidence.  Therefore, Ground Two should be dismissed as procedurally defaulted.

**Ground Three:  Speedy Trial Violation**

In his Third Ground for Relief, Franklin claims his right to a speedy trial under the Sixth Amendment was violated by the delay in bringing him to trial after he was arrested.  Respondent asserts this claim is procedurally defaulted by Franklin's failure to properly present it on direct appeal.

Examination of the State Court Record supports this procedural default defense.  The record does not contain any motion to dismiss on speedy trial grounds and numerous waivers of speedy trial by Franklin.  He did not raise any kind of speedy trial violation on direct appeal (Appellant's Brief, State Court Record, ECF No. 8, PageID 172-74).  And he did not timely appeal to the Supreme Court of Ohio.

Respondent's procedural default defense is well taken.  Ground Three should be dismissed on that basis.

**Ground Four:  Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Franklin asserts he received ineffective assistance of appellate counsel when his appellate attorney (1) improperly filed the First District's criminal docket statement in this case; (2) "never raised Franklin's 'Assignments of Error' or 'Chain of Custody' to the weight of evidence."  (Response, ECF No. 7, PageID 56).

Respondent asserts that these claims are procedurally defaulted because Franklin never filed an Application to Reopen under Ohio R. App. P. 26(B) which is the only proper manner under Ohio law to raise a claim of ineffective assistance of appellate counsel (Return, ECF No. 9, PageID 1092-93). Franklin has made no response and the Magistrate Judge finds the defense is well taken. Ground Four should be dismissed as procedurally defaulted.

**Ground Five: "Due Process Violations"**

In his Fifth Ground for Relief, Franklin "that his rights to due process were denied in everyway [sic]." (Response, ECF No. 7, PageID 56). This claim is made in completely conclusory terms. Franklin does not tell this Court what was done to him that he believes violated his due process rights.

The Due Process Clause of the Fourteenth Amendment has been held to incorporate virtually all the provisions of the Bill of Rights, except: (1) the Quartering Clause of the Third Amendment; (2) the Grand Jury Clause of the Fifth Amendment; (3) the right to civil jury trial in the Seventh Amendment; and (4) the prohibition on excessive fines of the Eighth Amendment. *McDonald v. Chicago*, 561 U.S. 742, 765 n.13 (2010). Literally thousands of different acts by state actors have been held to violate the Due Process Clause. A habeas petitioner cannot plead "due process violations" and then expect the habeas court to comb the record for any possible violations. Ground Five should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 5, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).